# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DANA GOSSETT,**

    **Plaintiff,**

                                **Civil Action 2:18-cv-999**
                                **Judge George C. Smith**
    **v.**                            **Magistrate Judge Chelsey M. Vascura**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Defendant Commissioner of Social Security's (the "Commissioner") Motion for Partial Dismissal for Failure to State a Claim under Federal Rule of Procedure 12(b)(6), or in the Alternative for Partial Summary Judgment ("Motion," ECF No. 11); Plaintiff's Response in Opposition (ECF No. 12); and the Commissioner's Reply (ECF No. 13). For the reasons that follow, it is **RECOMMENDED** that the Commissioner's Motion be **GRANTED** (ECF No. 11).

## I.

Plaintiff protectively filed an application for Supplemental Security Income on December 3, 2014, alleging a disability onset date of January 9, 2009. Plaintiff's application was denied initially and upon reconsideration. Plaintiff sought a hearing before an administrative law judge. Administrative Law Judge Peter Jamison (the "ALJ") held a hearing on September 8, 2017, at which Plaintiff, represented by counsel, appeared and testified.

On January 18, 2018, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. On July 10, 2018, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. Plaintiff then timely commenced the instant action, alleging that the decision was not supported by substantial evidence and also that the ALJ lacked authority to hear her case because he was not properly appointed under the Appointments Clause of the United States Constitution. (Compl. ¶ 6, ECF No. 1.)

In response to the Complaint, Defendant filed the subject Motion for Partial Dismissal, asserting that Plaintiff forfeited or waived her Appointments Clause claim because she failed to raise it during the administrative process. (Commissioner's Mot. at 3, ECF No. 11.)

In her Memorandum in Opposition, Plaintiff counters that her claim is viable because (1) Social Security claimants are not required to exhaust issues at the administrative level; and (2) raising her Appointments Clause claim at the administrative level would have been futile because the Social Security Administration's ("SSA") Office of General Counsel circulated an emergency memorandum instructing administrative law judges and the Appeals Council that they do not have authority to rule on Appointments Clause challenges (the "Emergency Memorandum"). (Pl.'s Mem. in Opp. at 1-7, ECF No. 12.)

In her Reply, the Commissioner submits it would not have been futile for Plaintiff to raise her Appointments Clause challenge at the administrative level because the Emergency Memorandum's existence did not inhibit Plaintiff's ability to present the claim. (Commissioner's Reply, ECF No. 13.)

Upon the parties' joint request, the undersigned has stayed briefing on the merits of Plaintiff's remaining challenges to the ALJ's decision pending resolution of the subject Motion to Dismiss.

## II.

The undersigned concludes that Plaintiff's failure to raise her Appointments Clause claim during the administrative process amounted to a forfeiture of this claim.

The Appointments Clause of the United States Constitution "prescribes the exclusive means of appointing 'Officers' [of the United States]." *Lucia v. S.E.C.*, 138 S. Ct. 2044, 2051 (2018). Pursuant to the Appointments Clause, "[o]nly the President, a court of law, or a head of department" can appoint "Officers." *Id.* (citing U.S. CONST. art. II, § 2, cl. 2). In *Lucia*, the Supreme Court of the United States held that "'one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief." *Lucia*, 138 S. Ct. at 2055 (quoting *Ryder v. United States*, 515 U.S. 177, 182-83 (1995)). The *Lucia* Court found that the plaintiff timely challenged the appointment of an administrative law judge of the Securities and Exchange Commission where he did so "before the Commission, and continued pressing that claim in the Court of Appeals and this Court." *Id.*

Following *Lucia*, "the overwhelming consensus of courts faced with the issue . . . have concluded that a social security claimant's failure to present an Appointments Clause challenge to the ALJ results in a forfeiture of the claim at the judicial appeal level." *Hodges v. Comm'r of Soc. Sec.*, No. 1:18-CV-394, 2019 WL 1330847, at *2 (S.D. Ohio Mar. 25, 2019) (collecting numerous cases from trial courts both within and outside of the Sixth Circuit holding that a failure to raise the Appointments Clause issue before the ALJ results in forfeiture of the claim). In *Flack v. Commissioner of Social Security*, No. 2:18-CV-501, 2018 WL 6011147 (S.D. Ohio

Nov. 16, 2018), *report and recommendation adopted*, No. 2:18-CV-00501, 2019 WL 1236097 (S.D. Ohio Mar. 18, 2019), this Court considered the impact of *Sims v. Apfel*, 530 U.S. 103 (2000) to an Appointments Clause challenge presented in a social security case:

> . . . . Courts to have considered the issue uniformly have concluded that *Sims* should not be read so broadly as to mean that a claimant need not exhaust issues before the ALJ. *See, e.g.*, *Stearns v. Berryhill*, No. C17-2031-LTS, 2018 WL 4380984, at *5 (N.D. Iowa Sept. 14, 2018) (rejecting social security claimant's reliance on *Sims* and holding that she forfeited her Appointments Clause challenge because she did not raise it before or during the ALJ's hearing, or at any time before the ALJ's decision became final); *Davis v. Comm'r of Soc. Sec.*, No. 17-cv-80-LRR, 2018 WL 4300505, at *9 (N.D. Iowa Sept. 10, 2018) (rejecting social security claimant's reliance on *Sims* and noting that *Sims* "concerned only whether a claimant must present all relevant issues to the *Appeals Council* to preserve them for judicial review") (emphasis in original); *Iwan v. Comm'r of Soc. Sec.* No. 17-cv-97-LRR, 2018 WL 4295202, at *9 (N.D. Iowa Sept. 10, 2018) (same); *Thurman v. Comm'r of Soc. Sec.*, No. 17-cv-35-LRR, 2018 WL 4300504, at *9 (N.D. Iowa Sept. 10, 2018) (same). Accordingly, *Sims* is inapposite here.
>
> As such, the Court finds that Plaintiff's proposed interpretation of *Sims* is too broad. *Sims* left untouched the general rule that a claimant forfeits a claim on appeal that she failed to raise during the administrative process. *See Stevens v. Comm'r of Soc. Sec.*, No. 14-2186, 2016 WL 692546, at *11 & n.6 (S.D. Ohio Feb. 22, 2016) (noting that failure to raise issue before ALJ constitutes waiver), *report and recommendation adopted*, No. 14-2186, 2016 WL 1156518 (S.D. Ohio Mar. 24, 2016); *Davidson v. Comm'r of Soc. Sec.*, 2018 WL 4680327, at *2 (M.D. Tenn. Sept. 28, 2018) (finding that plaintiff waived her Appointments Clause challenge by failing to raise it at the administrative level); *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017) ("[W]hen claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal.") (internal quotation marks omitted); *Anderson v. Barnhart*, 344 F.3d 809, 814 (8th Cir. 2003) (finding that a claimant's failure to raise a disability claim during the administrative process "waived [the claim] from being raised on appeal"); *Trejo v. Berryhill*, No. EDCV 17-0879-JPR, 2018 WL 3602380, at *3 (C.D. Cal. July 25, 2018) ("To the extent *Lucia* applies to Social Security ALJs, [the] [p]laintiff has forfeited the issue by failing to raise it during her administrative proceedings."). Because Plaintiff failed to present her Appointments Clause challenge before the ALJ *or* the Appeals Council, she forfeited her Appointments Clause challenge. *See Stearns*, 2018 WL 4380984, at *5; *Davis*, 2018 WL 4300505, at *9; *Iwan*, 2018 WL 4295202, at *9; *Thurman*, 2018 WL 4300504, at *9.

*Flack*, 2018 WL 6011147, at *3.

The undersigned is persuaded by and adopts the majority view that a social security claimant's failure to raise an Appointments Clause claim during the administrative process amounts to a forfeiture of that claim. Because Plaintiff failed to raise her Appointments Clause challenge during the administrative proceedings, it is **RECOMMENDED** that the Court conclude that she has forfeited that claim and **GRANT** the Commissioner's Motion to Dismiss.

Plaintiff's alternative contention, that her Appointments Clause claim survives because it would have been futile to raise before the SSA, is unavailing. Plaintiff relies upon the Office of General Counsel of the SSA's issuance of the Emergency Memorandum instructing ALJs to inform claimants that they have no authority to rule on Appointments Clause challenges and that such challenges will not be addressed in their decisions and further instructing Appeals Councils to not acknowledge or make findings related to the Appointments Clause issue. This Court has considered and rejected a social security claimant's reliance upon this Emergency Memorandum to advance a futility argument, reasoning as follows:

> Plaintiff further argues that it would have been futile for her to bring her challenge because the Social Security Agency (SSA) issued an emergency message prohibiting ALJs from making findings related to Appointments Clause issues . . . .
>
> \* \* \*
>
> . . . . The emergency message did nothing to bar Plaintiff from raising her challenge and preserving it for judicial review. Regardless of what the message dictated or prohibited, Plaintiff still could have raised her Appointments Clause challenge before the ALJ for the purpose of preserving the issue for later review. From this, Magistrate Judge Jolson concluded that "[b]ecause Plaintiff failed to present her Appointments Clause challenge before the ALJ or the Appeals Council, she forfeited her Appointments Clause challenge." (ECF No. 17 at 6). Therefore, the emergency message issued by the SSA did not render Plaintiff's Appointment Clause challenge futile. Accordingly, Plaintiff's failure to raise such a timely challenge has forfeited her Appointments Clause challenge.

*Flack*, 2019 WL 1236097, at *2–3; *see also Willis v. Comm'r*, 1:18-cv-158, 2018 WL 6381066, at *4 (S.D. Ohio Dec. 6, 2018) (finding that the Emergency Memorandum did not prevent the plaintiff from raising her Appointments Clause claim before the ALJ and rejecting her claim that raising it would have been futile); *Hodges*, 2019 WL 1330847, at *4 (same). The undersigned agrees with and adopts this analysis and therefore declines to excuse Plaintiff's failure to raise her Appointments Clause claim at the administrative level on futility grounds.

## III.

For the above reasons, it is **RECOMMENDED** that Defendant's Motion for Partial Dismissal for Failure to State a Claim under Federal Rule of Procedure 12(b)(6), or in the Alternative for Partial Summary Judgment be **GRANTED**. (ECF No. 11.)

## IV. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE