# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

DANA GOSSETT,

      Plaintiff,

v.                                                    Case No.: 2:18-cv-999
                                                   JUDGE GEORGE C. SMITH
                                                   Magistrate Judge Vascura

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## ORDER

This case is before the Court to consider the *Report and Recommendation* issued by the Magistrate Judge on May 14, 2019. The Magistrate Judge recommended that Defendant's Motion for Partial Dismissal for Failure to State a Claim under Federal Rule of Procedure 12(b)(6), or in the Alternative for Partial Summary Judgment be granted. (Doc. 16). Defendant has filed a Response in Opposition (Doc. 20). This matter is now before the Court on Plaintiff's Objections to the Magistrate Judge's *Report and Recommendation*. (Doc. 17). The Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff argues in her objections that the Magistrate Judge erred by finding that exhaustion is required in cases involving applications for social security benefits. Additionally, Plaintiff asserts that the Magistrate Judge erred in finding that Plaintiff could have raised her Appointments Clause challenge administratively.

Plaintiff's objections present the same issues already presented to, and carefully considered by, the Magistrate Judge in the *Report and Recommendation*.  Plaintiff has not presented any new evidence or argument other than what was previously presented in her Statement of Errors.  Plaintiff merely disagrees with the Magistrate Judge's conclusions.  Specifically, Plaintiff disagrees with the Magistrate Judge's refusal to apply the principles in *Sims v. Apfel*, 530 U.S. 103 (2000) to this case.  The Court has carefully considered this issue and agrees with the Magistrate Judge's recommendation to follow the majority of courts who have concluded that "a social security claimant's failure to present an Appointments Clause challenge to the ALJ results in a forfeiture of the claim at the judicial appeal level." *Hodges v. Comm'r of Soc. Sec.*, No. 1:18-cv-394, 2019 WL 1330847, at *2 (S.D. Ohio Mar. 25, 2019).

Additionally, Plaintiff argues that Magistrate Judge's reasoning defeats the very purpose of the futility exception.  Again, the Magistrate Judge carefully considered this and agreed with prior decisions from this Court that held that the Emergency Memorandum from the Social Security Administration did not prevent Plaintiff from raising her Appointments Clause claim before the ALJ, thereby rejecting her claim that raising it would have been futile.  (Doc. 16 at 5).

Defendant argues, and the Court agrees, that Plaintiff merely repeats the same arguments made in her response to Defendant's Motion.  Therefore, for the reasons set forth above and those stated in the well-reasoned *Report and Recommendation*, this Court finds that Plaintiff's objections are without merit.

Based on the aforementioned and the detailed *Report and Recommendation*, the Court finds that Plaintiff's objections have been thoroughly considered and are hereby **OVERRULED**. Accordingly, the *Report and Recommendation,* Document 16, is **ADOPTED** and **AFFIRMED. Plaintiff's Statement of Errors is due 45 days from this entry. Defendant's Memorandum in Opposition is due 45 days after service of the Statement of Errors, and the Reply, if any, shall be due 15 days after service of the Memorandum in Opposition.**

The Clerk shall remove Documents 16 and 17 from the Court's pending motions list.

**IT IS SO ORDERED.**

 */s/ George C. Smith*  
**GEORGE C. SMITH, JUDGE**  
**UNITED STATES DISTRICT COURT**